THOMAS WILLIAMS, Plaintiff, *v.* JOB STEVENS, Defendant.

The report of a master commissioner, under the Code, is liable to be reviewed on exceptions, "and confirmed, modified, or set aside" by the court, in the same manner and to the same extent as was the report of a master in chancery before the Code; it does not stand upon the same footing with the verdict of a jury or finding of a referee in a proceeding at law, to be set aside only on a showing which would warrant the setting aside of a verdict of a jury rendered in a trial at law.

This case was reserved on a motion to confirm the report of a master commissioner, for the purpose of determining, not whether this report shall be confirmed, but to determine the principle upon which the court shall proceed in deciding whether it shall be confirmed or set aside.

The pleadings of the case show that it grew out of partnership transactions, and sought an account. It was properly an equity case, in which the court had jurisdiction to refer the issues of fact to a master commissioner without the consent of the parties. The reference was made without the consent of the defendant. The master took a large amount of testimony, and reported it with his findings of fact and law.

In the order of reference, he was directed "to find the facts between the parties, and, so far as he might find that the parties were entitled to have an account stated, if at all, to state the account between them, and, so far as he might find a settlement of accounts to have been made between the parties, if at all, to find as to what items thereof, if any, either party might be entitled, to open said settlement and have the accounts corrected; and of his findings and rulings, together with the evidence adduced before him, to make due return to the court," "in accordance with the supplementary act passed April 13, 1867," requiring the report of the evidence on referred cases.

*Stallo & Kittredge,* for plaintiff.

*Caldwell, Coppock & Caldwell,* for defendant.

Taft, J. Our opinion is not asked in the direct question, whether this report shall be confirmed, or set aside, or modified, but we are asked to say what weight is to be accorded to it, by the court at Special Term, as a report of a master commissioner under such a reference? On the one side, it is claimed that it is to be regarded as of the same binding force as the finding of a jury; on the other,

that it is to be reviewed, of course, by the court, and modified, set aside, or confirmed, as the court may decree correct, on its own independent and original examination, assisted, but not controlled by it.

By section 281 of the Code, issues may be referred, by consent of parties, to *referees* in all cases; and by section 282, they may be referred, without consent, in cases in which the parties are not entitled by the constitution to a trial by jury; and by section 283, the manner of trial is provided, and the report is declared to have "the effect of a special verdict," and that "the report of the referee upon the whole issue stands as the decision of the court, and that judgment may be entered thereon in the same manner as if the action had been tried by the court."

As to the effect of the findings of referees, we can not doubt the correctness of the opinion of this court in the case of *The Wesleyan Cemetery* v. *Woodruff*, 2 Disney, 216, announced by Judge Storer, "that referees, when appointed under the Code, possess judicial functions; that the authority conferred is to hear and determine the cause;" that, "with the exception of the power to render judgment and issue execution, it would seem the referees possessed all the authority of the court who appointed them to hear and decide upon the matters submitted." And the Supreme Court, in *Lawson* v. *Bissell*, 7 Ohio St. 132, 133, hold to the same construction of the functions of a referee under the Code.

The Code, as originally passed, made no express provision as to the powers of master commissioners, but only authorized their appointment by the court under section 611 of the Code. But as amended by the act of March 30, 1868 (S. & S. 573), this section 611 provides, "that the court may, upon motion of either of the parties, refer any action, in which the parties are not entitled to demand a trial by jury, to a regular or special master commissioner, to take testimony in writing, and report the same to the court, with his conclusions on the law and facts involved

in the issues, which report may be excepted to by the parties, and confirmed, modified, or set aside by the court."

This language is different from that used in section 283 of the Code, in regard to referees, which declares "that when the reference is, to report the facts, the report has the effect of a special verdict;" and that "the report of the referees upon *the whole issue* stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court."

The construction we put upon the office of master commissioner, under these statutes, is that he is to be regarded as a master commissioner in chancery, whose report is subject to be reviewed by the court which has appointed him, upon exceptions properly taken, and that his findings, like the findings of a jury upon issues out of chancery, are to inform and assist, but not necessarily to control, the judgment of the court; that the report of such master " may be excepted to by the parties, and confirmed, modified, or set aside by the court," as it shall deem equitable and just.

Practically, the effect of a report of a master commissioner upon the mind of the court may not, in a majority of cases, be very different from that of the finding of a referee in a legal reference.   But where the court acts upon a master's report, it is to be regarded as declaring its own conclusions of fact and law; while in acting upon the report of a referee, at least in a legal matter, it is to be regarded as rendering its judgment upon the facts found by the referee, as it would do upon the finding of a jury. Theoretically, therefore, the responsibility of the judge is greater in the case of a master's report, than in that of a referee.